

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-85,144-02

### EX PARTE BRADY ALAN DANIEL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 3029-A IN THE 35TH DISTRICT COURT
### FROM MILLS COUNTY

*Per curiam*. ALCALA, J., filed a concurring opinion in which JOHNSON, J., joined. YEARY, J., filed a concurring opinion in which KEASLER, and HERVEY, JJ., joined.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and sentenced to thirty-five years' imprisonment. The Third Court of Appeals affirmed his conviction in *Daniel v. State*, No. 03-15-00058-CR (Tex. App.—Austin Dec. 10, 2015)(not designated for publication).

Applicant contends, among other things, that the State withheld favorable evidence from the defense in violation of *Brady v. Maryland,* 373 US 83 (1963). Applicant also alleges that his plea

was involuntary because he was misadvised regarding the legality of his arrest by his counsel.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel and involuntary plea. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the State withheld material evidence that Applicant was arrested without a valid warrant in violation of the Fourth Amendment. The trial court shall also make findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary. The trial court shall also make findings as to whether the performance of Applicant's attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. If the court finds counsel gave inaccurate advice as to the legality of Applicant's arrest, it should make specific findings as to whether that advice induced Applicant to plead guilty. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall

be obtained from this Court.

Filed: June 29, 2016
Do not publish